UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Jeffrey Alan Bolduc, | ) | Civil Action No.: 0:15-cv-04721-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | | |

Plaintiff Jeffrey Alan Bolduc ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB") under Title XVI of the Social Security Act (the "Act"). The matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) for the District of South Carolina. The Magistrate Judge recommends the Court affirm the Commissioner's decision. [ECF #21].

**Factual Findings and Procedural History**

The procedural timeline is adequately set forth by the Magistrate Judge in the Report and Recommendation. [ECF #21, pp. 3-4]. With respect to the facts, Plaintiff applied for DIB in September of 2012, alleging an onset date of May 17, 2011. He was fifty-two years old on his alleged disability onset date and had past relevant work experience as a food service worker in the United States Navy, a restaurant manager, a salesperson of automobile accessories, a food service manager, and a regional sales manager in the food service industry. [ECF #13, pp. 3-4]. Plaintiff alleged disability due to hepatitis C, muscle pain, arthritis, vertigo, neurological problems and nausea. [ECF #11-6 Ex. 2E].

Plaintiff testified that he served in the military from 1980 until 2001 in the Submarine Force and was honorably discharged. [ECF #11-2, p. 32]. Plaintiff testified that he last worked as a food service broker in May of 2011. [ECF #11-2, p. 32]. In August of 2011, Plaintiff began treatment for hepatitis C, which he apparently had for years but was left untreated. [ECF #11-8, Ex. 2F]. Plaintiff informed his doctor that he was considering applying for disability due to overwhelming fatigue, which his doctor felt was "out of proportion" to his liver biopsy findings. [ECF #11-8, Ex. 2F]. In any event, by September of 2011, Plaintiff did not have any viral load detected. [ECF #11-8, Ex. 2F]. During the relevant time period, Plaintiff began treating with Dr. William Hall, who noted that Plaintiff reported an array of symptoms after treatment began. Despite this fact, Dr. Hall documented benign findings and routinely released Plaintiff from his care without any limitations. [ECF #11-11, Ex. 9F; ECF #12-1, Ex. 9F]. This pattern continued–Dr. Hall continued to note that Plaintiff's complaints were "without a clear etiology" and that he had no compelling diagnosis, despite the fact that Plaintiff alleged medication was helping his symptoms. [ECF #11-11, Ex. 9F; ECF #12-1, Ex. 9F].

On August 22, 2012, Plaintiff saw Dr. Winter, a doctor he had seen for treatment of hepatitis C. Plaintiff had a viral load of zero, though he reported he was not back to feeling 100%. [ECF #11-8, Ex. 2F]. Records indicate Plaintiff was using tobacco and consuming three drinks a day. [ECF #11-8, Ex. 2F]. A week later, Plaintiff presented to Dr. Hall, who again noted Plaintiff's "spectrum of unexplained symptoms," and further noted in reviewing his consult notes that the examination revealed no significant abnormalities. Plaintiff, meanwhile, testified to the fact that he experienced side effects from his medical treatment including fatigue, flu-like symptoms, hemorrhoid issues, memory and concentration problems, pain and muscle spasms. [ECF #11-2, pp.36-37].

At the hearing, a vocational expert ("VE") was asked to list Plaintiff's past relevant work, but

the ALJ did not seek any response regarding any hypotheticals. [ECF #11-2, p. 49]. With respect to activities of daily living, Plaintiff testified at the hearing that he had difficulty with personal care activities, shopping, and cooking. [ECF #11-2, pp. 42-43]. He further testified he is unable to perform activities such as chopping firewood and using a knife. Plaintiff testified that he can sit for more than a half hour to an hour, and can lift eight pounds. [ECF #11-2, p. 45].

Plaintiff's application was denied initially and upon reconsideration, so he requested a hearing. Following an administrative hearing, Plaintiff's application was denied in an order dated March 26, 2014. [ECF #21, p. 3]. The ALJ's findings were as follows:

> (1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.
>
> (2) The claimant engaged in substantial gainful activity after his alleged disability onset date of May 17, 2011, and continued to do so at least through the first quarter of 2013 (20 C.F.R. 404.1571 *et seq.*).
>
> (3) In the alternative, the claimant has the following severe impairment: hepatitis C (20 C.F.R. 404.1520(c)).
>
> (4) In the alternative, the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526).
>
> (5) In the alternative, after careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform the full range of medium work as defined in 20 C.F.R. 404.1567(c).
>
> (6) In the alternative to a finding at step one of the five-step sequential evaluation of disability, the claimant is capable of performing past relevant work as a manager of food services (Dictionary of Occupational Titles (DOT) 187.167-106, light work with SVP of 7), sales person of automobile accessories (DOT 237.357-030, light work with SVP of 4), and sales representative of food products (DOT 260.357-014, light work with SVP of 5). This work does not require the performance of work-related activities

>    precluded by the claimant's residual functional capacity (20 C.F.R. 404.1565).
>
>    (7) The claimant has not been under a disability, as defined in the Social Security Act, from May 17, 2011 through the date of this decision (20 C.F.R. 404.1520(f)).

[ECF #11-2, pp. 13-18].

Plaintiff provided additional evidence and sought review by the Appeals Council, but the Appeals Council denied his request for review, thereby making the ALJ's decision the Commissioner's final administrative decision for purposes of judicial review. On November 23, 2015, Plaintiff filed his Complaint in this Court. [ECF #1]. Both Plaintiff and Defendant filed briefs [ECF #13; ECF #14; ECF #18], and the Magistrate Judge issued a Report and Recommendation on November 18, 2016, recommending that the Commissioner's decision be affirmed. [ECF #21, p. 18]. Plaintiff filed objections on December 2, 2016. [ECF #22]. Defendant replied to these objections December 16, 2016. [ECF # 23].

## **Standard of Review**

**I.     Judicial Review of the Commissioner's Findings**

The federal judiciary has a limited role in the administrative scheme established by the Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58

(4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it). This standard of review does not require, however, mechanical acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

**II.     The Court's Review of the Magistrate Judge's Report and Recommendation**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the Report and Recommendation ("R & R") to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for

clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Here, after reviewing the record, including the briefs filed by the parties, the Magistrate Judge recommends affirming the decision of the Commissioner. Plaintiff raises four objections to these findings: (1) The opinions of two treating physicians were improperly ignored; (2) It was error to find that Mr. Bolduc engaged in substantial gainful activity after the alleged onset date: (3) Mr. Bolduc's subjective complaints were not properly analyzed under the requisite two-step test; and (4) It was reversible error to find that Mr. Bolduc's only severe limitation was hepatitis C. [ECF #22, pp. 1-6]. This Court will analyze the merit of each objection below.

## Analysis

### A. Opinions of Dr. Hall and Dr. Irwin[1]

Medical opinions are evaluated and weighed based on the following factors: (1) whether the physician has examined the claimant; (2) the treatment relationship between the physician and the claimant; the supportability of the physician's opinion; (4) the consistency of the opinion with the record; and (5) whether the physician is a specialist. 20 C.F.R. § 404.1527. Social Security Ruling 96-2p requires an ALJ give specific reasons for the weight given to a treating physician's opinion. The ALJ should give controlling weight to a treating physician's opinion regarding the nature and severity of a claimant's impairments when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence. 20 C.F.R. §§

---

[1] In Plaintiff's objections, he sometimes refers to treating physician "Dr. Ingram." This Court notes that it appears this is an error, and he is actually referring to Dr. Irwin based on the pleadings and evidence of record.

6

404.1527(c)(2) and 416.927(c)(2); *see also Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Conversly, an ALJ may discount a treating physician's opinion if it is unsupported or inconsistent with other evidence. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Any other factors that support or contradict the opinion should also be considered. 20 C.F.R. § 404.1527(c)(6). In the face of "persuasive contrary evidence" the ALJ has the discretion to accord less than controlling weight to that opinion. *Mastro*, 270 F.3d at 178. Finally, SSR 96-2p provides that an ALJ must give specific reasons for the weight given a treating source's medical opinion, including support from the evidence in the record, and must also be sufficiently clear to reviewers the weight assigned and the reasons for that weight.

Plaintiff's first objection is that the Commissioner erred as a matter of law in failing to meaningfully evaluate the opinions of Dr. Hall and Dr. Ingram. with respect to Dr. Hall, Plaintiff points out that Dr. Hall provided a statement that Plaintiff was "profoundly disabled," that he could be expected to miss in excess of two days of work each month, and that his symptoms would be expected to cause distraction and result in failure to complete job tasks in excess of two hours. [ECF #12-2, Ex. 10F; ECF #12-3, Ex. 18F}. Plaintiff contends that the ALJ simply summarily rejected Dr. Hall's above-referenced opinions. However, this Court does not agree with Plaintiff's contention. In fact, the ALJ gives several reasons why he chose to discount Dr. Hall's statement. First, he considers the fact that despite Dr. Hall's numerous evaluations noting that Plaintiff does not appear to have any real issues, Dr. Hall relies upon Plaintiff's self-reported fatigue and cognitive issues to determine Plaintiff's capacity for employment. Second, he further notes that Dr. Hall does not link this opinion to any evidentiary support in his findings or comment on the fact that Plaintiff was responding well to treatment. Third, at least one of the statements made by Dr. Hall came after he was presented with "disability paperwork." While the Plaintiff has pointed to isolated statements or form checkmarks to

show error, this Court notes that the ALJ went beyond simply discounting Dr. Hall's opinion. This Court finds that the ALJ's determination as to the opinion of Dr. Hall is supported by substantial evidence.

Plaintiff also contends that the ALJ improperly weight the medical opinion of Dr. Jennifer Irwin, a psychiatrist, only to the extent the ALJ did not give considerable weight to the portions of the opinion that were in his favor. Plaintiff does not otherwise contend the ALJ's analysis was improper. To the contrary, the ALJ provides significant detail for his reasons for rejecting her opinion regarding restrictions in the RFC. First, the ALJ noted that Dr. Irwin assessed Plaintiff once. In her notes, Dr. Irwin found Plaintiff negative for depression, but that he suffered from a cognitive disorder, not otherwise specified. In addition, she noted that Plaintiff used marijuana medicinally, and had a remote history of alcohol abuse. Her mental status examination reveals that he had the ability to do simple and repetitive tasks and some detailed and complex tasks. While he was moderately impaired in his ability to interact with others, she opined that he was "minimally impaired" in his ability to maintain regular attendance in the workplace. She further noted that Plaintiff had not difficulty sitting, standing or walking, that he made good eye contact, that he was goal-oriented and displayed a logical thought process, a full range of affect, and intact memory. After detailing these findings, the ALJ explained that these findings by Dr. Irwin were afforded significant weight because it was consistent with the other findings in the records as a whole. However, the ALJ adequately explained that he rejected Dr. Irwin's opinions of restrictions because they were inconsistent with her findings that he was only "minimally impaired" and because her description of the cognitive disorder was vague and poorly explained. This Court finds that the ALJ properly applied the relevant factors in rejecting this portion of Dr. Irwin's opinion, and further, that the ALJ gave specific reasons for the decision to discredit a portion of Dr.

Irwin's opinion, namely that it contradicted her treatment notes, which lined up with the other evidence in the record, as well. This Court finds that in reviewing the ALJ's analysis of the opinions of Dr. Hall and Dr. Irwin, substantial evidence supports the ALJ's findings for both. Therefore, this Court overrules Plaintiff's first objection.

### B. Substantial Gainful Activity

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. § 404.1520(a). The steps are followed in order, and if at any step it is determinated that a claimant is not disabled, the evaluation process will not continue. The ALJ in this case determined at step one that the claimant was engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). The ALJ based this determination on the fact that he believed the records showed that Plaintiff engaged in substantial gainful activity after his alleged onset date of May 17, 2011, and received earnings in the third and fourth quarter of 2011, throughout 2012, and in the first quarter of 2013 which were in such amounts as to give rise to the presumption of substantial gainful activity. [ECF #11-2, p. 14]. As support for this finding, the ALJ also states that Plaintiff's testimony at the hearing was that he last worked on May 11, 2013, and that he received his last pay check from the food service contractor position in September of 2012. [ECF #11-2, pp. 12-13]. In his brief, Plaintiff argues that the ALJ mischaracterizes his testimony, which was actually that he stopped working in May of 2011, and that the ALJ incorrectly considers certain payments as wages. However, the Magistrate Judge determined that the ALJ's potentially inaccurate finding does not require remand because the ALJ still went through the remainder of the sequential analysis and did not otherwise consider Plaintiff's alleged substantial gainful activity in the remainder of the analysis; thus any error, if at all, is harmless.

Plaintiff objects to the finding that this analysis is not cause for remand despite the fact that the ALJ still engaged in the entirety of the five step analysis. Plaintiff's argument is that the fact that the ALJ's may have erred in finding he had substantial gainful activity despite Plaintiff testifying otherwise shows a substantial likelihood of prejudice to the Plaintiff. In other words, the ALJ's determination, contrary to Plaintiff's own testimony of when he stopped working, implicitly suggests the ALJ does not find Plaintiff credible, which is troubling in light of the fact that Plaintiff's testimony appears to be accurate. While the ALJ did not specifically rely on assertions made by Plaintiff regarding his work history in his sequential analysis after step one, it is unclear to this Court whether this finding constitutes "harmless error," and if this likely prejudiced Plaintiff, specifically the ALJ's analysis of Plaintiff's credibility. Accordingly, this Court cannot find that substantial evidence supports the ALJ's finding at step one and will remand this case for the ALJ to reconsider his step one analysis.

### C. Improper Credibility Analysis Regarding Pain

Assessing a claimant's credibility regarding pain involves a two-step process. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996) (citing 20 C.F.R. §§ 416.929(b) & 404.1529(b)). First, objective medical evidence must show the existence of a medical impairment that "could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant." *Id.* (internal quotation marks omitted). If the Commissioner determines the threshold step is satisfied, the Commissioner must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects h[is] ability to work."[2]  *Id.* at 595. The Commissioner's evaluation must account for not only Plaintiff's

---

[2] The regulations set forth a framework for evaluating symptoms and prescribe seven factors for analyzing the claimant's credibility. 20 C.F.R. § 404.1529(c)(3). These factors are (i) Your daily activities; (ii) The location, duration, frequency, and intensity of your pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms; (vi) Any measures you use or have used to relieve

statements about his pain, but also for all available evidence, "including the claimant's medical history, medical signs, and laboratory findings . . . ; any objective medical evidence of pain . . . ; and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." *Id.* (internal quotation marks and citations omitted). The Commissioner may not disregard or discredit Plaintiff's statements about pain solely because they are not substantiated by objective medical evidence. *Id.* Once a claimant meets the "threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, [the claimant is] entitled to rely exclusively on subjective evidence to prove the second part of the test, *i.e.*, that his pain is so continuous and/or so severe that it prevents him from working a full eight hour day." *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006). However,

> This is not to say . . . objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. They most certainly are. Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers . . . .

*Craig*, 76 F.3d at 595. Finally, under its scope of review, the Court cannot make credibility determinations but may review the ALJ's decision to determine whether substantial evidence supports the ALJ's credibility assessment. *Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005). The ALJ's "decision must contain specific reasons for the finding on credibility, supported by the evidence in the

---

your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

11

case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

Here, the ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms; however, his statements regarding the intensity, persistence, and limiting effects of the symptoms were not entirely credible based on the ALJ's review of the record. [ECF #11-2, p. 16]. The Magistrate Judge determined that the ALJ adequately summarized his reasons for this finding. Plaintiff objects to a finding that the ALJ properly followed the two-step process described above, and further asserts that the ALJ did not make a proper credibility finding. The Plaintiff does not otherwise provide a specific argument in his objections, other than to cite to case law stating that subjective evidence of pain may support a finding of disability when an underlying impairment is capable of causing said pain. [ECF #22, p. 6]. In Plaintiff's other briefs, it appears that his main argument is that the ALJ did not properly engage in the two-step process. This Court finds that the ALJ did in fact provide sufficient support for his determination regarding Plaintiff's credibility. The ALJ considered lay witness testimony of Plaintiff's wife, he considered the medical records of psychiatrist Dr. Irwin and Dr. Winter regarding the resolution of hepatitis C in Plaintiff, as well as other treating physicians who saw Plaintiff. Further, as noted by Defendant in her brief, treating physician Dr. Hall routinely released Plaintiff without any limitations, and Dr. Hall noted in his records that Plaintiff's complaints appeared to be "vague" and "unexplained." The ALJ noted in his assessment that Dr. Hall's numerous evaluations were in conflict with his reliance upon Plaintiff's subjective comments of fatigue and cognitive slowness. [ECF #11-2, p. 18]. Accordingly, this Court finds that the ALJ's credibility determination regarding pain is supported by substantial evidence in that he analyzed credibility under

the appropriate two-step process.  This objection is overruled.

### D. Severity of Impairments

Plaintiff's final objection is that the ALJ improperly determined that Plaintiff's only severe impairment was his diagnosis of hepatitis C.  At step two of the sequential evaluation process, an ALJ must "consider the medical severity" of the claimant's impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii). At this step, the burden is on the claimant to show he has a severe impairment. *See Bowen v. Yuckert*, 482 U.S. 146, n. 5 (1987).  Furthermore, a severe impairment is one that significantly limits a person's mental or physical ability to do "basic work activities." 20 C.F.R. §§ 404.1520(c).  In the Report and Recommendation, the Magistrate Judge found that the ALJ's determination that hepatitis C was Plaintiff's only severe impairment was supported by substantial evidence.

Plaintiff argues that his degenerative disc disease causes more than a minimal impact on how he performs his work activity, therefore it should be considered a severe impairment.  Further, Plaintiff argues that a finding that his back pain is a "severe impairment" is distinguishable from the ALJ considering the back in determining Plaintiff's RFC.  As pointed out by Plaintiff, the VA assigned Plaintiff a 50% disability rating for his service connected to degenerative disc disease. Plaintiff relies upon *Bird v. Astrue*, 699 F.3d 337 (4th Cir. 2012) to argue that the ALJ's evaluation of Plaintiff's disability rating from the Department of Veterans Affairs fails to comply with *Bird*.  In *Bird*, the claimant had a 100% disability rating from the Department of Veterans Affairs (the "VA"), but the ALJ in that case did not find this rating relevant in evaluating the claimant's "pre-DLI condition." 699 F.3d at 339.  The Fourth Circuit Court of Appeals held that in making a disability determination, the Social Security Administration must give substantial weight to a VA disability rating. 699 F.3d at 343. However, an ALJ may give less weight to a VA disability rating when the record before the ALJ reveals

it appropriate to deviate from this finding. *Id.*

A review of the record reveals that medical notes reflect a 50% disability rating from the military, and Plaintiff's testimony is that he has a 50% disability rating based on issues related to his joints and back and degenerative disc disease, among other ailments. [ECF #11-2, pp. 32-33].[3] In his decision, the ALJ acknowledged that Plaintiff had a 50% disability rating from the military related to several ailments. [ECF #11-2, p. 16]. However, this Court notes that the ALJ did not sufficiently explain or consider the VA's disability rating assessment in determining whether the condition is a severe impairment, and if so, its impact as to a combination of impairments. Furthermore, while the ALJ did acknowledge Plaintiff's disability rating in his analysis of the RFC, he succinctly states that he is not bound by this other governmental agency's finding, without explaining why he did not provide this rating any deferential weight. [ECF #11-2, p. 16]. The VA's rating regarding his back issues resulted from an evaluation of the same condition that Plaintiff argues is a severe impairment in this case. Therefore, because the ALJ failed to explain why this rating was not given substantial deference or weight, or what degree of weight, this Court finds that it is unclear from this decision whether substantial evidence supports the ALJ's finding with respect to Plaintiff's severe impairments in light of his previous disability rating. This Court remands the decision to allow the ALJ to properly consider the VA rating pursuant to *Bird*. Specifically, this Court notes that a determination as to whether Plaintiff's back condition constitutes a "severe" impairment, or one that would provide additional limitations to his RFC, should also be considered in light of the fact that it may alter the ALJ's analysis regarding Plaintiff's ability to perform his past relevant work.

---

[3] The ALJ's opinion incorrectly states that claimant testified to a 60% disability rating.

**Conclusion**

The Court has thoroughly reviewed the entire record as a whole, including the administrative transcript, the briefs, the Magistrate Judge's R & R, Plaintiff's objections to the R & R, Defendant's response to Plaintiff's objections, and the applicable law. For the foregoing reasons, the Court respectfully rejects the recommendation of the Magistrate Judge. [ECF #21]. The action is remanded to the Commissioner to conduct an analysis consistent with this Order. The Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case is remanded to the Commissioner for further administrative action.

**IT IS SO ORDERED.**

Florence, South Carolina                                  s/ R. Bryan Harwell
March 28, 2017                                            R. Bryan Harwell
                                                          United States District Judge